```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., a California corpoation | |
| Plaintiff, | 2:08-cv-02088-GEB-KJM |
| v. | ORDER |
| NEATON COMPANIES, LLC, a limited liability company, and DOES 1-100, | |
| Defendants. | |

On January 12, 2009, a hearing was held on Plaintiff's application for an order requiring Defendant to show cause why Defendant should not be held in civil contempt and sanctioned for failing to comply with the October 22, 2008 preliminary injunction ("PI"). The PI enjoined Defendant from "using . . . the concrete washout system boxes that [Defendant] obtained from [Plaintiff] or its authorized manufactures." (Dkt. No. 36, PI at 7:17-19.)

Defendant admits that 17 of the boxes it obtained from Plaintiff are currently "with [its] various construction contractors," but argues the word "use" in the PI is not "specific and definite"

1 | enough to be enforced in a contempt proceeding, citing <u>FTC v.</u>
2 | <u>Affordable Media</u>, 179 F.3d 1228, 1239 (9th Cir. 1999) (internal
3 | quotations and citation omitted).  The Ninth Circuit states in <u>FTC</u>
4 | that the movant for a civil contempt finding "has the burden of
5 | showing by clear and convincing evidence that the contemnors violated
6 | a specific and definite order of the court.  The burden then shifts to
7 | the contemnors to demonstrate why they were unable to comply." <u>Id.</u>
8 | Defendant argues the word "using" in the PI is ambiguous when applied
9 | to the concrete washout systems boxes it had rented to customers
10 | before the PI issued, and that it would be factually impossible for it
11 | to comply with the PI, and/or could be forced to breach contracts and
12 | environmental laws.  Defendant ultimately conceded at the hearing that
13 | its impossibility of performance defense need not be decided at the
14 | hearing on whether Plaintiff's showing was sufficient for issuance of
15 | an order requiring Defendant to show cause why Defendant should not be
16 | held in civil contempt and sanctioned for failing to comply with the
17 | PI.  <u>FTC</u> indicates Defendant's other defenses need not be addressed
18 | until any scheduled contempt hearing.
19 |      Defendant's argument that the term "use" lacks sufficient
20 | specificity and definiteness to be enforced in a contempt proceeding
21 | is unpersuasive.  Since the PI does not "define the term ['use']
22 | differently than its common usage, we turn to the dictionary." <u>United</u>
23 | <u>States v. Pearson</u>, 274 F.3d 1225, 1231 n. 6 (9th Cir. 2001).  The
24 | dictionary definition of the term "use" includes "to . . . put into
25 | service or action." <u>Webster's II New College Dictionary</u> 1215 (1995).
26 | It is clear that the scope of the PI includes the 17 concrete washout
27 | system boxes currently with Defendant's various construction
28 | contractors since findings in the PI include the following: Plaintiff

2

"licenses entities to conduct rental businesses using [Plaintiff's] concrete washout systems boxes," and "[Defendant's] license to use [Plaintiff's] concrete washout systems boxes has ceased. Nonetheless, [Defendant] continues to use [Plaintiff's] concrete washout systems boxes." (Dkt. No. 36, PI at 2:6-7 and 3:19-21.) Further, the Court considered Defendant's argument that "an injunction prohibiting the use of Plaintiff's boxes would end Defendant's box rental business" and rejected that argument. (Dkt. No. 36, PI at 6:3-8.) Lastly, the PI enjoined Defendant from "using . . . the concrete washout systems boxes that [Defendant] obtained from [Plaintiff] or its authorized manufactures." (Dkt. No. 36, PI at 7:15-19.)

Accordingly, Defendant shall show cause on February 2, 2009, in courtroom 10, commencing at 9:00 a.m., why Defendant and its agents should not be held in contempt and sanctioned for failing to comply with the PI. Defendant may file a supplemental opposition on or before January 20, 2009. Plaintiff may file a reply on or before January 27, 2009.

Dated: January 12, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge