1  **BOUTIN GIBSON DI GIUSTO HODELL INC.**
   Chris Gibson (SBN 073353)
2  Maralee MacDonald (SBN 208699)
   555 Capitol Mall, Suite 1500
3  Sacramento, CA 95814-4603
   Tel. (916) 321-4444
4  e-mail:  mmacdonald@boutininc.com

5  Brian R. Katz, Attorney at Law
   4364 Town Center Boulevard, Suite 207
6  El Dorado Hills, CA  95762
   Tel. (916-933-5266)
7  e-mail: brian@katzbusinesslaw.com

8  Attorneys for plaintiff Concrete Washout Systems, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., a California corporation, | Case No.: 2:08-CV-02088-GEB-KJM |
| | **STIPULATED PROTECTIVE ORDER** |
| Plaintiff, vs. | **(With Court Modifications Shown in Strikeout/Underline Format)** |
| NEATON COMPANIES, LLC, | |
| Defendants. | |
| NEATON COMPANIES, LLC, a limited liability company, | |
| Counterclaimant, | |
| v. | |
| CONCRETE WASHOUT SYSTEMS, INC., a California corporation, | |
| Counterdefendant. | |

-1-
**Stipulated Protective Order**
C:\Documents and Settings\mkelly\My Documents\CWS Neaton\Stipulated Protective Order.doc

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that confidentiality is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby ORDERED:

~~To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that confidentiality is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby ORDERED:~~

1. Any information, document, or thing produced in connection with this litigation that is reasonably believed by the producing party to contain proprietary or trade secret information may be designated as Confidential Material. Such designation by the producing party shall be made pursuant to a bona fide determination that such materials or information contain or reveal a trade secret, or other confidential research, development or commercial information. Such designation may be made by stamping or otherwise marking the material prior to production as follows: "Confidential Material subject to Protective Order." As used herein, Confidential Material includes (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents or things.

2. Two levels of confidentiality may be used in designating something to be Confidential Material. These levels are "Confidential Material Subject to Protective Order" and "Confidential Material Subject to Protective Order – Trial Attorneys Only."

3. Confidential Material shall be used solely in connection with this litigation, including the preparation for and trial of this case, or any related appellate proceeding, and not for any other purpose, including any business, competitive, or governmental purpose or function.

4. Confidential Material may not be disclosed except as set forth in paragraph 5.

/////

/////

5. Confidential Material may be disclosed only as follows. Confidential Material designated as "Confidential Material Subject to Protective Order" may be disclosed only to the following persons:

(a) Counsel of record for any party to this action;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial and trial of this action;

(d) Any outside expert or consultant retained in connection with this action;

(e) Any individual who is a party to this action; and

(f) Any officer, director, or employee of a party to this action who is responsible for assisting counsel in the litigation.

Confidential Material designated as "Confidential Material Subject to Protective Order – Trial Attorneys Only" may be disclosed only to the following persons:

(a) Counsel of record for any party to this action;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial and trial of this action; and

(d) Any outside expert or consultant retained in connection with this action.

6. Each outside expert or consultant, each individual who is a party, and each officer, director, or employee of a party to whom Confidential Material is furnished, shown or disclosed, shall, prior to the time he receives such materials, be provided by the person furnishing him such material a copy of this Order and agree in writing to be bound by its terms, and shall certify that he has carefully read the Order and fully understands its terms. Such person also must consent in writing to be subject to the jurisdiction of the <u>United States District Court of the Eastern District of California, Sacramento Division</u> ~~Sacramento County Superior Court~~ with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding relating to contempt of court.

1  The agreement incorporating these terms shall be of the form set forth in Exhibit "A" hereto.  Counsel
2  making disclosure to any person as described hereinabove shall retain the original executed copy of
3  said agreement until final termination of this litigation.

4      7. At the conclusion of the trial and of any appeal or upon other termination of this
5  litigation, all Confidential Material received under the provisions of this Order shall, within thirty (30)
6  days after written request by the producing party, be tendered back to the producing party, or, at the
7  written direction of the producing party, destroyed.  Provisions of this order insofar as they restrict the
8  communication and use of Confidential Material shall, without written permission of the producing
9  party or further order of this Court, continue to be binding on all persons subject to the terms of this
10 Order until further order of this Court.

11     8. The restrictions on the use of Confidential Material established pursuant to this Order
12 do not apply to the party producing such material.

13     9. The foregoing is without prejudice to the right of any party (a) to apply to the Court
14 for a further protective order relating to any Confidential Material or relating to any discovery in this
15 litigation; (b) to object to the production of documents it considers not subject to discovery; (c) to
16 apply to the Court for an Order requiring the removal of the Confidential Material designation from
17 any documents; and (d) to apply to the Court for an order compelling production of documents or
18 modification of this order or for any order permitting disclosure of Confidential Material beyond the
19 terms of this Order.

20     10. If a party seeks to file with the Court any document that reveals Confidential Material,
21 the filing shall <u>seek to</u> have Confidential Material redacted, and the filing shall be accompanied by a
22 motion to file under seal pursuant to Local Rules 39-140(d) and 39-141.  The parties agree to
23 cooperate to the extent possible to expedite the ruling on any such motion or application.  The party
24 who requests a document be filed under seal shall prepare the necessary order in compliance Local
25 Rule 39-141(d).

26     11. If Confidential Material is disclosed at a deposition, only those persons who are
27 authorized by the terms of this order to receive such material may be present.  The portions of the
28 transcripts of all testimony designated as Confidential Material shall be separately bound by the

reporter in booklets bearing the appropriate designation.  If any document or information designated as Confidential Material pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

12. If Confidential Information is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to obtain the return of the Confidential Information and to prevent disclosure by each unauthorized person who received such information.

13. Nothing in this Protective Order shall bar or otherwise restrict counsel of record for the parties from rendering advice to a party with respect to this action, and in the course thereof, referring to or relying in a general way upon examination of any Confidential Material.  However, in rendering such advice and in otherwise communicating with the party, such counsel shall not disclose the contents of any Confidential Material contrary to the terms or intent of this Protective Order.

**IT IS SO STIPULATED.**

Dated:  August 21, 2009   BOUTIN GIBSON DIGIUSTO HODELL INC.

By:   */s/ Maralee MacDonald*
Maralee MacDonald, Attorneys for Plaintiff,
Concrete Washout Systems, Inc.

Dated:  August 21, 2009   SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON

By:   */s/ Thomas G. Grace* **(authorized 8/21/09)**
Thomas G. Grace – Admitted Pro Hac Vice
Attorneys for Defendants and Counterclaimants
Neaton Companies, LLC

**IT IS SO ORDERED.**

Dated:  September 9, 2009.

_____
U.S. MAGISTRATE JUDGE

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have carefully read the Stipulated Protective Order in the above-captioned case, and that I fully understand the terms of the court's order, a copy of which is attached. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I agree not to disclose information designated thereunder as "Confidential Material" to any person not entitled to access to such information. I further agree to use Confidential Material only in connection with this litigation, and not for any other purpose, including business, competitive or governmental purpose or function. I hereby consent to the jurisdiction of the U.S. District Court, Eastern District of California, Sacramento Division, in respect to any proceeding relative to the enforcement of that order, including without limitation, any proceeding related to contempt of court.

EXECUTED this_____day of_____, 2009, at_____.

Signature: _____

Printed Name: _____

Affiliation: _____

Business Address:_____

_____

Home Address:_____

_____